Benito B. MORALES, Plaintiff—
Appellant,

v.

Cal A. TERHUNE, Director CA Dept. of
Corrections; M.C. Kramer, Warden,
Sierra Conservation Center Level III;
F.X. Chavez, Ass. Warden, Level III
Facility; Fox, Facility Captain; Mar-
tin, CCII; T.A. Lewis, CCII Appeals
Coordinator; Blount; Kenneth Sisk,
Correctional Officer, Defendants—Ap-
pellees.

No. 01–17016.

D.C. No. CV–00–06226–OWW.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 5, 2004.*

Decided Oct. 7, 2004.

Benito B. Morales, COSP-SATF Califor-
nia Substance Abuse Treatment Facility,
Corcoran, CA, for pro se.

James M. Humes, AGCA—Office of the
California Attorney General, San Francis-
co, CA, for Defendants–Appellees.

Before RYMER, TALLMAN, and BEA,
Circuit Judges.

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

MEMORANDUM**

Petitioner Benito B. Morales ("Mor-
ales") is incarcerated in the Sierra Con-
servation Center Prison Facility in
Jamestown, California. On July 20, 2000,
Morales filed a *pro se* class action com-
plaint in the United States District Court
for the Eastern District of California al-
leging that prison officials violated the
class members' First, Eighth, and Four-
teenth Amendment rights in violation of
42 U.S.C. § 1983 by, *inter alia*, keeping
them in "lockdown" following a prison riot
and restricting prisoners' diet and exer-
cise regimes, denying medical visits,
phone use, visits and participation in
work, school, library and self-help pro-
grams.

The district court dismissed petitioner's
complaint, *sua sponte*, on the ground that
he failed to exhaust his administrative
remedies as required by the Prison Litiga-
tion Reform Act ("PLRA"). We reverse.

After the district court's decision in this
case, we issued a decision in *Wyatt v.
Terhune*, 315 F.3d 1108, 1119 (9th Cir.
2003), *cert. denied sub nom. Alameida v.
Wyatt*, 540 U.S. 810, 124 S.Ct. 50, 157
L.Ed.2d 23 (2003), in which we held that a
district court may not dismiss *sua sponte* a
petitioner's complaint for failure to ex-
haust administrative remedies. Rather,
the PLRA's exhaustion requirement is a
defense that must be raised and proved by
the *defendants* and is not required to be
pleaded in petitioner's complaint. *Id.*

In light of our decision in *Wyatt*, the
State agrees that remand is appropriate in
this case. *See* Amicus Brief of the Califor-
nia Office of the Attorney General at 2–3.[1]

1. The California Department of Corrections
declined to file a brief in this case. Accord-
ingly, on January 15, 2004, we ordered the
California Attorney General's Office to enter
an appearance in this appeal for purposes of
filing an amicus brief and to appear for oral
argument. *See* Order filed January 15, 2004.

Therefore, we **REVERSE** the district court's dismissal of petitioner's complaint and **REMAND** to the district court for further proceedings consistent with *Wyatt v. Terhune.*

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

In its brief filed on June 7, 2004, the California Attorney General's Office suggested that "this court remand this case to the district court for proceedings in accord with *Wyatt."* *See* Amicus Brief of the California Office of the Attorney General at 4.

